IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHANTELLE BELLAVANCE, | | |
| Plaintiff, | | 2:25-CV-01643-CCW |
| v. | | |
| LIBERTY MUTUAL INSURANCE, | | |
| Defendant. | | |

## <u>OPINION</u>

Before the Court is Defendant Liberty Mutual Insurance's Motion to Dismiss Plaintiff Chantelle Bellavance's Complaint. ECF No. 9. For the reasons that follow, the Court will grant the Motion.

## I.    Background

This case arises from a dispute between Ms. Bellavance and her former automobile insurer, Liberty Mutual. ECF No. 1-4. The allegations, taken as true, are as follows.

In September 2022, Ms. Bellavance purchased an automobile insurance policy from Liberty Mutual. *Id.* at 13. In May 2023, Ms. Bellavance was involved in a collision while driving one of the vehicles covered under the policy. *Id.* ¶ 9. Ms. Bellavance contends that she "was driving carefully and cautiously" at the time of the collision, which was caused by another driver's negligent conduct. *Id.* ¶¶ 10, 14. However, Liberty Mutual reported Ms. Bellavance as having been at fault for the collision to the Comprehensive Loss Underwriting Exchange ("CLUE"), a nationwide insurance claims database. *Id.* ¶ 18. Liberty Mutual also erroneously reported the collision to CLUE twice, thereby causing CLUE to list Ms. Bellavance as having been at fault in two automobile accidents. *Id.* ¶ 19.

In August 2023, Ms. Bellavance sought to add a new vehicle to her insurance policy. *Id*. ¶ 20. At that time, Liberty Mutual informed Ms. Bellavance that it had cancelled her policy due to her having been at fault in two consecutive accidents. *Id*. Ms. Bellavance was then forced to purchase a more expensive insurance policy, with premiums that are "essentially double her previous premium payments to" Liberty Mutual. *Id*. ¶ 23.

In March 2025, Liberty Mutual submitted a claim against Ms. Bellavance to collections for an alleged debt of $3,557. *Id.* ¶ 24. Ms. Bellavance contacted Liberty Mutual to dispute the claim, and a representative informed her that the debt was for outstanding premiums owed for the coverage period from August 2023 through September 2024, after Ms. Bellavance's policy had been cancelled. *Id.* ¶ 26. In June 2025, Ms. Bellavance received correspondence from Liberty Mutual clarifying that her outstanding balance was $33.00, and that her prior policy had, in fact, been cancelled in July 2023. *Id.* ¶¶ 27–28. Ms. Bellavance alleges that Liberty Mutual's "false reporting" of the $3,557 debt negatively impacted her credit score. *Id*. ¶ 30.

Ms. Bellavance filed the instant lawsuit in the Allegheny County Court of Common Pleas on September 18, 2025, ECF No. 1 ¶ 3, asserting claims against Liberty Mutual for breach of contract (Count I), bad faith insurance (Count II) and for violating Pennsylvania's Unfair Trade Practices and Consumer Protection Law (the "UTPCPL") (Count III), ECF No. 1-4 at 7–10. Liberty Mutual removed the action to this Court on October 21, 2025.[1] Liberty Mutual now moves to dismiss all Ms. Bellavance's claims. ECF No. 9. The Motion is fully briefed and ripe for resolution. ECF Nos. 10, 11, 13.

---

[1] Liberty Mutual properly removed pursuant to 28 U.S.C. § 1441. ECF No. 1. This Court has jurisdiction over Ms. Bellavance's claims pursuant to 28 U.S.C. § 1332, as the parties are diverse and the amount in controversy exceeds $75,000.

## II.    Legal Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a claim.  In reviewing a motion to dismiss, the court accepts as true a complaint's factual allegations and views them in the light most favorable to the plaintiff.  *See Phillips v. Cnty. Of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).  Although a complaint need not contain detailed factual allegations to survive a motion to dismiss, it cannot rest on mere labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  That is, "a formulaic recitation of the elements of a cause of action will not do[.]"  *Id.*  Accordingly, "[f]actual allegations must be enough to raise a right to relief above the speculative level[,]" *id.*, and be "sufficient . . . to 'state a claim to relief that is plausible on its face,'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.* (quoting *Twombly*, 550 U.S. at 556).

The United States Court of Appeals for the Third Circuit has established a three-step process for district courts to follow in analyzing a Rule 12(b)(6) motion:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

*Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011) (quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010)).  That said, under Rule 8's notice pleading standard, even after the Supreme Court's decisions in *Twombly* and *Iqbal*, a plaintiff need only "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims."  *Connolly*

*v. Lane Constr. Corp.*, 809 F.3d 780, 788–89 (3d Cir. 2016) (finding that "at least for purposes of pleading sufficiency, a complaint need not establish a prima facie case in order to survive a motion to dismiss.").

### III.    Legal Analysis

The parties agree that Pennsylvania law governs their dispute. *Assicurazioni Generali, S.P.A. v. Clover*, 195 F.3d 161, 164 (3d Cir. 1999) (holding when parties agree, either explicitly or implicitly, on the relevant law to apply, the district court in a diversity action shall apply that law). Liberty Mutual argues that Ms. Bellavance cannot state a breach of contract claim because she fails to identify a specific contractual provision that Liberty Mutual breached. ECF No. 10 at 4–7. Liberty Mutual further contends that Ms. Bellavance fails to state a claim for bad faith insurance, because she does not allege that Liberty Mutual failed to pay her the proceeds of an insurance policy. *Id*. at 8–10. Finally, Liberty Mutual asserts that Ms. Bellavance fails to state a UTPCPL claim, both because post-contract formation conduct is not actionable under the UTPCPL and because Ms. Bellavance does not allege justifiable reliance. *Id*. 10–13. The Court will consider each of these arguments in turn.

#### A.    Ms. Bellavance Fails to State a Breach of Contract Claim

To state a claim for breach of contract under Pennsylvania law, a plaintiff must show: (1) the existence of a contract, including its essential terms; (2) a breach of that contract; and (3) resultant damages. *Kelly v. Carman Corporation*, 229 A.3d 634, 653 (Pa. Super. 2020) (citing *Meyer, Darragh, Buckler, Bebenek & Eck, P.L.L.C. v. Law Firm of Malone Middleman, P.C.*, 137 A.3d 1247, 1258 (Pa. 2016)). Liberty Mutual contends that Ms. Bellavance fails to allege that it breached a specific provision of the policy, and thus cannot state a breach of contract claim. ECF No. 10 at 4–7. Ms. Bellavance acknowledges that the Complaint does not "cit[e] a specific

provision" of the policy but argues that Liberty Mutual violated its duty of good faith and fair dealing when it terminated her coverage for "fabricated reasons." ECF No. 11 at 5–6.

"Every contract in Pennsylvania imposes on each party a duty of good faith and fair dealing in its performance and its enforcement." *Presque Isle Colon & Rectal Surgery v. Highmark Health*, 391 F. Supp. 3d 485, 512 (W.D. Pa. 2019) (Rothstein, J.) (quoting *Donahue v. Fed. Exp. Corp.*, 753 A.2d 238, 242 (Pa. Super. 2000)). However, invocation of the "duty of good faith and fair dealing in a breach of contract claim must always be grounded in a specific provision of a contract." *Nationwide Ins. Indep. Contractors Ass'n, Inc. v. Nationwide Mut. Ins. Co.*, 518 F. App'x 58, 62 (3d Cir. 2013) (citing *Northview Motors, Inc. v. Chrysler Motors Corp.*, 227 F.3d 78, 92 (3d Cir. 2000)); *see also Scott v. Foremost Ins. Co.*, No. 15-CV-3257, 2015 WL 5818267, at *4 (E.D. Pa. Sept. 30, 2015) ("[B]reach of contract based on the breach of the implied covenant of good faith and fair dealing" requires showing that defendant "breach[ed] a specific contractual duty[.]"). Hence, while Pennsylvania "[c]ourts have utilized the good faith duty as an interpretive tool to determine the parties' justifiable expectations in the context of a breach of contract action," the duty cannot be "divorced from the specific clauses of the contract" at issue. *Cessna v. REA Energy Coop., Inc.*, 258 F. Supp. 3d 566, 585 (W.D. Pa. 2017) (Gibson, J.) (internal citations omitted).

Here, Ms. Bellavance argues that Liberty Mutual "erroneous[y]" determined that she was at fault for two automobile accidents and subsequently "terminated [her] insurance coverage without any valid reason for doing so[.]" ECF No. 11 at 5. But Ms. Bellavance does not identify any provision in the insurance policy governing fault determinations or policy cancellations that Liberty Mutual breached. *See* ECF No. 1-4. She thus fails to state a breach of contract claim. *In re K-Dur Antitrust Litigation*, 338 F. Supp. 2d 517, 549 (D.N.J. 2004). ("[A]ny breach of contract

claim . . . predicated on a breach of the duty of good faith and fair dealing alone is insufficient to state a claim for a breach of contract."). Accordingly, the Court will dismiss this claim (Count I). Because Ms. Bellavance has not sought leave to amend, *see* ECF No. 11, the Court will dismiss this claim with prejudice. *See Ne. Revenue Servs., LLC v. Maps Indeed, Inc.*, 685 F. App'x 96, 103 (3d Cir. 2017) ("Because this is not a civil rights case, the District Court was not required to sua sponte offer amendment."); *LuLu Shriners v. Twp. of Whitemarsh,* 557 F. Supp. 3d 593, 609 n.17 (E.D. Pa. 2021) (dismissing non-civil rights claims with prejudice where plaintiff "ha[d] not requested an opportunity to amend[.]").

**B.      Ms. Bellavance Fails to State a Bad Faith Insurance Claim**

To state a claim under Pennsylvania's bad faith insurance statute, 42 Pa. Cons. Stat. § 8371, a plaintiff must show, by clear and convincing evidence, that the insurer:  (1) lacked a reasonable basis for denying benefits under the policy;  and (2) knew or recklessly disregarded its lack of reasonable basis*. Rancosky v. Washington Nat'l Ins. Co.*, 170 A.3d 364, 377 (Pa. 2017).  Thus, "the essence of a bad faith claim is the unreasonable and intentional (or reckless) denial of benefits." *Post v. St. Paul Travelers Ins. Co.*, 691 F.3d 500, 523 (3d Cir. 2012) (internal citation omitted).

Here, Ms. Bellavance does not allege that Liberty Mutual denied benefits she claimed under her insurance policy. *See* ECF No. 1-4.  Accordingly, she fails to state a claim for bad faith insurance. *See Novinger Grp., Inc. v. Hartford Ins., Inc.*, 514 F. Supp. 2d 662, 674 (M.D. Pa. 2007) ("Because plaintiffs have not alleged that Hartford denied them benefits under the policy, plaintiffs have failed to state a claim for insurance bad faith[.]").  The Court will therefore dismiss this claim (Count II).  As with her breach of contract claim, Ms. Bellavance has not requested

leave to amend her bad faith insurance claim, so the dismissal will be with prejudice. *See N.E. Revenue Servs., LLC*, 685 F. App'x at 103.

### C.     Ms. Bellavance Fails to State a UTPCPL Claim

Ms. Bellavance asserts one claim against Liberty Mutual under the "catch-all" provision of the Unfair Trade Practices and Consumer Protection Law, ECF No. 1-4 at 9–10.  To assert "a claim under the UTPCPL's catch-all provision, a plaintiff must either prove (1) the elements of common-law fraud or (2) deceptive conduct." *Bloom v. JP Morgan Chase Bank, N.A.*, No. 2:20-CV-1386, 2021 WL 2535989, at *6 (W.D. Pa. June 21, 2021) (Stickman, J.).  And, "whether a plaintiff is asserting a fraud claim or a deceptive conduct claim under the catchall provision of the UTPCPL, he or she must prove he or she 'justifiably relied on the defendant's wrongful conduct or representation and that he suffered harm as a result of that reliance.'" *Hena v. Vandegrift,* 612 F. Supp. 3d 457, 485 (W.D. Pa. 2020) (quoting *Yocca v. Pittsburgh Steelers Sports, Inc.*, 854 A.2d 425, 438 (Pa. 2004)).  In the insurance context, the UTPCPL applies only to "the sale of an insurance policy," and not to the insurer's "post-contract formation conduct[.]" *Dunleavy v. Mid-Century Ins. Co.*, 460 F. Supp. 3d 602, 612 (W.D. Pa. 2020) (Ranjan, J.), *aff'd*, 848 F. App'x 528 (3d Cir. 2021); *Prest v. Nat'l Gen. Ins. Co.*, No. 2:19-CV-1109, 2020 WL 13866716, at *2 (W.D. Pa. Mar. 25, 2020) (Cercone, J.) ("The UTPCPL applies to the sale of an insurance policy and conduct surrounding the insurer's pre-formation conduct.  It does not, however, apply to the handling of insurance claims.") (internal citations omitted)).

Here, none of Ms. Bellevance's allegations relate to the sale of the insurance policy. *See generally* ECF No. 1-4.  Instead, Ms. Bellavance's allegations relate to Liberty Mutual's post-formation conduct—its assignment of fault to Ms. Bellevance for certain car accidents and its subsequent cancellation of her policy. *Id*.  Because none of these allegations relate to Liberty

Mutual's pre-formation conduct, Ms. Bellevance's UTPCPL claim fails. Additionally, Ms. Bellavance does not allege that she relied on any representations from Liberty Mutual. *See* ECF No. 1-4. The absence of any allegation regarding reliance is an additional, independent reason Ms. Bellavance fails to state a UTPCPL claim.[2] Accordingly, the Court will dismiss such claim (Count III). As with Ms. Bellevance's other claims, the Court will dismiss the UTPCPL claim with prejudice considering Ms. Bellevance's failure to seek leave to amend. *See N.E. Revenue Servs., LLC*, 685 F. App'x at 103.

## IV.   Conclusion

For the foregoing reasons, the Court will grant Liberty Mutual's Motion and dismiss Plaintiff's Complaint, ECF No. 1-4, with prejudice, as further set forth in the accompanying Order

DATED this 23rd day of June, 2026.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record

---

[2] Ms. Bellavance argues that Liberty Mutual "necessarily would have made misleading representations to [Ms. Bellavance] to the effect that she would receive continuous, appropriate coverage under the insurance contract" and that she "justifiably relied upon these representations." ECF No. 11 at 10. But "[a]rguments in a brief may not be considered as a substitute for allegations in a complaint[,]" and Ms. Bellavance fails to identify any allegations in the Complaint regarding reliance. *Walls v. FTS Int'l, Inc.*, No. 17-872, 2018 WL 2240361, at *3 n. 2 (W.D. Pa. May 16, 2018) (Bissoon, J.).